# ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP
Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

Franklin A. Rothman
Jeremy Schneider
Robert A. Soloway                                                            Fax: (212) 571-5507
David Stern                                                                 Tel: (212) 571-5500

January 22, 2023

BY ECF

Honorable Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

                         Re: United States v. Michael Vax
                              22 Cr. 324 (BMC)

Dear Judge Cogan:

      I represent Michael Vax in this matter, which is scheduled for conference before your Honor on January 23, 2023 for a violation of bail conditions. The basis for the violation is that Mr. Vax has tested positive for marijuana ten times between October 12 and December 12, 2022. One time, at his first positive test of October 12, he tested positive for cocaine and marijuana. Mr. Vax is 64 years old and has never knowingly ingested cocaine. He has no explanation for the positive cocaine result on October 12, and it has not recurred.

      Mr. Vax is currently at liberty on bail conditions and residing with his wife in West Palm Beach, Florida. On September 23, 2022, he pled guilty to an Information in this matter -- the same day the matter was first presented -- to conspiracy to offer and pay kickbacks in connection with a durable medical equipment company he operated which received business referrals from individuals enrolled in federal health care programs, including Medicare.

      Mr. Vax uses medical marijuana with a doctor's prescription and medical marijuana license which permits him to make purchases which are legal under Florida law from dispensaries. See medical card, Exhibit A. He seeks to use marijuana because without it he must use Adderrall for symptoms of ADHD, and narcotic pain medication for rheumatoid arthritis.

      Some federal courts have permitted individuals to use medical marijuana while released on bail conditions and during supervised release. But such authorities appear to be outliers given the clarity of marijuana's classification under the Controlled Substances Act as a Schedule I controlled substance. *See*, 21 U.S.C. § 812. In *United States v Blanding*, 2022 WL 92593 (D. Conn., Jan 6, 2022), the court denied a motion by a defendant seeking to modify his pretrial release conditions to allow him to use medical marijuana to relieve symptoms of diagnosed post-traumatic stress disorder.. In *Blanding*, the defendant possessed a duly issued marijuana prescription permitting him to use medical marijuana under State law. The Court surveyed the authorities, noting instances in which

the use of medical marijuana was permitted during federal supervision, but the far greater number in which it was not. Held the *Blanding* Court:

> Since this Court must impose the condition that the Defendant not violate federal law, and since possession of marijuana remains illegal under federal law, the Court joins the many other courts that have denied motions such as the Defendant's ... The applicable sections of the Bail Reform Act and the Controlled Substances Act are plainly in conflict with state medical marijuana laws. This federal court cannot judicially sanction violations of federal law.

*Id*. at *4 (citing, *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 736 (2014).

As noted, however, not every court has taken this course, and we seek in this matter an exception to the majority position. In *United States v Sanchez, 19 Cr.* 820 (RA), Hon. Ronnie Abrams in the Southern District of New York permitted a defendant on supervised release conditions to use medically approved marijuana, and the assigned Southern District of New York prosecutor filed a letter which reads in pertinent part:

> [T]o the extent the defendant maintains enrollment in the medical marijuana program for a legitimate medical purpose, neither Probation nor the Government oppose the defendant's request to allow the use of marijuana for medical purposes during his term of supervised release.

*Sanchez*, (19 Cr. 820, Doc. 64, Nov. 7, 2022). A copy of the Court's order is enclosed herewith for the Court's convenience as Exhibit B.

I am aware as well anecdotally of cases in this district before Judges Block and Glasser in which the use of medical marijuana was permitted as well. I do not have the citations.

Besides the instant violation, Mr. Vax is entirely in compliance with his release conditions as his matter moves toward sentence. He does not have a history of substance abuse, and does not use the drugs he is prescribed recreationally, or for any reason other than to avoid unhealthy (in his judgment and physical experience) narcotic alternatives which sicken him with uncomfortable and worrying side effects, and addictive propensities.

For the foregoing reasons, it is respectfully requested that this Court grant the instant application and issue an Order like that which was handed down by Judge Abrams in *Sanchez*.

Thank you very much for your attention.

Respectfully Submitted,

*Robert A. Soloway*

Robert A. Soloway

RAS:sc